| Fill in this information to identify the case: | |
|---|---|
| United States Bankruptcy Court for the: **District of Delaware** (State) | |
| Case number *(if known)*: _____ Chapter **11** | |

☐ Check if this is an amended filing

Official Form 201
# Voluntary Petition for Non-Individuals Filing for Bankruptcy   04/20

**If more space is needed, attach a separate sheet to this form. On the top of any additional pages, write the debtor's name and the case number (if known). For more information, a separate document,** *Instructions for Bankruptcy Forms for Non-Individuals*, **is available.**

| | | |
|---|---|---|
| 1. | **Debtor's Name** | **Cred Capital, Inc.** |
| 2. | **All other names debtor used in the last 8 years**<br><br>Include any assumed names, trade names, and *doing business as* names | **N/A** |
| 3. | **Debtor's federal Employer Identification Number** (EIN) | **84-5094064** |
| 4. | **Debtor's address** | **Principal place of business**<br><br>**3 East Third Avenue**<br>Number        Street<br><br>**Suite 200**<br><br>**San Mateo, California   94401**<br>City            State        Zip Code<br><br><br>**San Mateo**<br>County | **Mailing address, if different from principal place of business**<br><br>Number        Street<br><br><br><br>City            State        Zip Code<br><br>**Location of principal assets, if different from principal place of business** |
| 5. | **Debtor's website** (URL) | https://mycred.io |
| 6. | **Type of debtor** | ☒ Corporation (including Limited Liability Company (LLC) and Limited Liability Partnership (LLP))<br>☐ Partnership (excluding LLP)<br>☐ Other. Specify: _____ |

Debtor **Cred Capital, Inc.** Case number *(if known)*
 Name

| | |
|---|---|
| **7. Describe debtor's business** | A. *Check One:* <br> ☐ Health Care Business (as defined in 11 U.S.C. § 101(27A)) <br> ☐ Single Asset Real Estate (as defined in 11 U.S.C. § 101(51B)) <br> ☐ Railroad (as defined in 11 U.S.C. § 101(44)) <br> ☐ Stockbroker (as defined in 11 U.S.C. § 101(53A)) <br> ☐ Commodity Broker (as defined in 11 U.S.C. § 101(6)) <br> ☐ Clearing Bank (as defined in 11 U.S.C. § 781(3)) <br> ☒ None of the above <br><br> B. *Check all that apply:* <br> ☐ Tax-exempt entity (as described in 26 U.S.C. § 501) <br> ☐ Investment company, including hedge fund or pooled investment vehicle (as defined in 15 U.S.C. § 80a-3) <br> ☐ Investment advisor (as defined in 15 U.S.C. § 80b-2(a)(11)) <br><br> C. NAICS (North American Industry Classification System) 4-digit code that best describes debtor. See http://www.uscourts.gov/four-digit-national-association-naics-codes . <br> **522298** |
| **8. Under which chapter of the Bankruptcy Code is the debtor filing?** <br><br> A debtor who is a "small business debtor" must check the first sub-box. A debtor as defined in § 1182(1) who elects to proceed under subchapter V of chapter 11 (whether or not the debtor is a "small business debtor") must check the second sub-box. | *Check One:* <br> ☐ Chapter 7 <br> ☐ Chapter 9 <br> ☒ Chapter 11. *Check all that apply:* <br> ☐ The debtor is a small business debtor as defined in 11 U.S.C. § 101(51D), and its aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $2,725,625. If this sub-box is selected, attach the most recent balance sheet, statement of operations, cash-flow statement, and federal income tax return or if any of these documents do not exist, follow the procedure in 11 U.S.C. § 1116(1)(B).. <br> ☐ The debtor is a debtor as defined in 11 U.S.C. § 1182(1), its aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $7,500,000, and it chooses to proceed under Subchapter V of Chapter 11. If this sub-box is selected, attach the most recent balance sheet, statement of operations, cash-flow statement, and federal income tax return, or if any of these documents do not exist, follow the procedure in 11 U.S.C. § 1116(1)(B). <br> ☐ A plan is being filed with this petition. <br> ☐ Acceptances of the plan were solicited prepetition from one or more classes of creditors, in accordance with 11 U.S.C. § 1126(b). <br> ☐ The debtor is required to file periodic reports (for example, 10K and 10Q) with the Securities and Exchange Commission according to § 13 or 15(d) of the Securities Exchange Act of 1934. File the *Attachment to Voluntary Petition for Non-Individuals Filing for Bankruptcy under Chapter 11* (Official Form 201A) with this form. <br> ☐ The debtor is a shell company as defined in the Securities Exchange Act of 1934 Rule 12b-2. <br> ☐ Chapter 12 |
| **9. Were prior bankruptcy cases filed by or against the debtor within the last 8 years?** <br><br> If more than 2 cases, attach a separate list. | ☒ No <br> ☐ Yes. District _____ When _____ Case number _____ <br> MM/DD/YYYY <br> District _____ When _____ Case number _____ <br> MM/DD/YYYY |
| **10. Are any bankruptcy cases pending or being filed by a business partner or an** | ☐ No <br> ☒ Yes. Debtor **See Schedule 1** Relationship **Affiliate** <br> District **Delaware** When **11/7/2020** |

Debtor    Cred Capital, Inc.     Case number *(if known)* _____
        *Name*

**affiliate of the debtor?**

List all cases. If more than 1, attach a separate list.

Case number, if known _____

MM / DD / YYYY

**11. Why is the case filed in *this* district?**

*Check all that apply:*

☒ Debtor has had its domicile, principal place of business, or principal assets in this district for 180 days immediately preceding the date of this petition or for a longer part of such 180 days than in any other district.

☒ A bankruptcy case concerning debtor's affiliate, general partner, or partnership is pending in this district.

**12. Does the debtor own or have possession of any real property or personal property that needs immediate attention?**

☒ No
☐ Yes. Answer below for each property that needs immediate attention. Attach additional sheets if needed.

**Why does the property need immediate attention?** (*Check all that apply.*)

☐ It poses or is alleged to pose a threat of imminent and identifiable hazard to public health or safety.
    What is the hazard? _____

☐ It needs to be physically secured or protected from the weather.

☐ It includes perishable goods or assets that could quickly deteriorate or lose value without attention (for example, livestock, seasonal goods, meat, dairy, produce, or securities-related assets or other options).

☐ Other _____

**Where is the property?**
_____  _____
Number    Street

_____  _____  _____
City         State   Zip Code

**Is the property insured?**
☐ No
☐ Yes.  Insurance agency _____
      Contact name _____
      Phone _____

---

### Statistical and administrative information

**13. Debtor's estimation of available funds**

*Check one:*

☒ Funds will be available for distribution to unsecured creditors.
☐ After any administrative expenses are paid, no funds will be available for distribution to unsecured creditors.

**14. Estimated number of creditors[1]**

☐ 1-49
☐ 50-99
☐ 100-199
☐ 200-999
☐ 1,000-5,000
☒ 5,001-10,000
☐ 10,001-25,000
☐ 25,001-50,000
☐ 50,001-100,000
☐ More than 100,000

**15. Estimated assets[2]**

☐ $0-$50,000
☐ $50,001-$100,000
☐ $100,001-$500,000
☐ $500,001-$1 million
☐ $1,000,001-$10 million
☐ $10,000,001-$50 million
☒ $50,000,001-$100 million
☐ $100,000,001-$500 million
☐ $500,000,001-$1 billion
☐ $1,000,000,001-$10 billion
☐ $10,000,000,001-$50 billion
☐ More than $50 billion

---

[1] Estimated number of creditors, assets and liabilities noted here are provided on a consolidated basis.

[2] Estimated value of assets as of Oct. 30, 2020.

| Debtor | Cred Capital, Inc. | Case number *(if known)* | |
|---|---|---|---|
| | Name | | |

**16. Estimated liabilities**

- ☐ $0-$50,000
- ☐ $50,001-$100,000
- ☐ $100,001-$500,000
- ☐ $500,001-$1 million
- ☐ $1,000,001-$10 million
- ☐ $10,000,001-$50 million
- ☐ $50,000,001-$100 million
- ☒ $100,000,001-$500 million
- ☐ $500,000,001-$1 billion
- ☐ $1,000,000,001-$10 billion
- ☐ $10,000,000,001-$50 billion
- ☐ More than $50 billion

### Request for Relief, Declaration, and Signatures

**WARNING --** Bankruptcy fraud is a serious crime. Making a false statement in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.

**17. Declaration and signature of authorized representative of debtor**

The debtor requests relief in accordance with the chapter of title 11, United States Code, specified in this petition.

I have been authorized to file this petition on behalf of the debtor.

I have examined the information in this petition and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on **11/7/2020**
MM/ DD / YYYY

✘ **/s/ Daniel Schatt**          **Daniel Schatt**
Signature of authorized representative of debtor          Printed name

Title  **Chief Executive Officer**

**18. Signature of attorney**

✘ **/s/ Scott D. Cousins**          Date **11/7/2020**
Signature of attorney for debtor          MM/DD/YYYY

**Scott D. Cousins**
Printed name

**Cousins Law LLC**
Firm name

**Brandywine Plazza West, 1521 Concord Pike, Suite 301**
Number          Street

**Wilmington**          **DE**          **19803**
City          State          ZIP Code

**(304) 824-7081**          **Scott.cousins@cousins-law.com**
Contact phone          Email address

**3079**          **DE**
Bar number          State

| Fill in this information to identify the case: |
| --- |
| United States Bankruptcy Court for the: **District of Delaware** (State) |
| Case number *(if known)*: _____ Chapter __11__ |

# Schedule 1

## Pending Bankruptcy Cases Filed by the Debtor and Affiliates of the Debtor

On the date hereof, each of the entities listed below (collectively, the "Debtors") filed a petition in the United States Bankruptcy Court for the District of Delaware for relief under chapter 11 of title 11 of the United States Code. The Debtors have moved for joint administration of these cases under the case number assigned to the chapter 11 case of **Cred Inc**.

- Cred Inc.
- Cred (US) LLC
- Cred Merchant Solutions LLC
- Cred Capital, Inc.
- Cred (Puerto Rico) LLC

.

**IN UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

```
-------------------------------------------------------x
                                            :
In re:                                      :   Chapter 11
                                            :
CRED CAPITAL, INC.,                         :   Case No. 20-[_____] ([___])
                                            :
             Debtor.                        :
                                            :
-------------------------------------------------------x
```

**CORPORATE OWNERSHIP STATEMENT**

Pursuant to Rules 1007(a)(1) and 7007.1 of the Federal Rules of Bankruptcy Procedure, the following are corporations, other than a government unit, that directly or indirectly own 10% or more of any class of the debtor's equity interest:

| Shareholder | Approximate Percentage of Equity Held |
|---|---|
| Cred Inc. | 100% |

**IN UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

---------------------------------------------------------------x
: 
In re: : Chapter 11
: 
CRED CAPITAL, INC., : Case No. 20-[_____] ([___])
: 
Debtor. : 
: 
---------------------------------------------------------------x

**LIST OF EQUITY SECURITY HOLDERS**[3]

| Debtor | Equity Holders | Address of Equity Holder | Percentage of Equity Held |
|---|---|---|---|
| Cred Capital, Inc. | Cred Inc. | 3 East Third Avenue<br>San Mateo, CA 94401 | 100% |

---

[3]  This list serves as the disclosure required to be made by the debtor pursuant to Rule 1007 of the Federal Rules of Bankruptcy Procedure. All equity positions listed are as of the date of commencement of the chapter 11 case.

**Fill in this information to identify the case:**

**Debtor name:** Cred Inc., et al.

**United States Bankruptcy Court for the:** District of Delaware

**Case number (if known):** 20-_____

☐ Check if this is an amended filing

Official Form 204

# Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 30 Largest Unsecured Claims and Are Not Insiders[1]

12/15

A list of creditors holding the 30 Largest unsecured claims must be filed in a Chapter 11 or Chapter 9 case. Include claims which the debtor disputes. Do not include claims by any person or entity who is an insider, as defined in 11 U.S.C. § 101(31). Also, do not include claims by secured creditors, unless the unsecured claim resulting from inadequate collateral value places the creditor among the holders of the 30 Largest unsecured claims.

| | Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent unliqui-dated, or disputed | Amount of unsecured claim If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|---|
| | | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 1 | Name and Address on File | Contact Information On File | Customer Claim | ☐ C ☑ U ☐ D | | | $14,065,941.24[1] |
| 2 | Name and Address on File | Contact Information On File | Customer Claim | ☐ C ☑ U ☐ D | | | $13,525,842.95[1] |
| 3 | Name and Address on File | Contact Information On File | Customer Claim | ☐ C ☑ U ☐ D | | | $4,942,850.36[1] |
| 4 | Name and Address on File | Contact Information On File | Customer Claim | ☐ C ☑ U ☐ D | | | $3,829,221.40[1] |
| 5 | Name and Address on File | Contact Information On File | Customer Claim | ☐ C ☑ U ☐ D | | | $2,618,880.60[1] |
| 6 | Name and Address on File | Contact Information On File | Customer Claim | ☐ C ☑ U ☐ D | | | $2,549,184.33[1] |
| 7 | Name and Address on File | Contact Information On File | Customer Claim | ☐ C ☑ U ☐ D | | | $2,169,064.80[1] |

[1] On a consolidated basis, excluding tax claims. The information herein shall not constitute an admission of liability by, nor is it binding on, any Debtors with respect to all or any portion of the claims listed herein. Moreover, nothing herein shall affect any Debtor's right to challenge the amount, priority, validity or characterization of any claim at a later date.

Debtor  **Cred Inc., et al.**                                                                                          Case number *(if known)* 20-_____

| Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent unliqui- dated, or disputed | Amount of unsecured claim  If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|
| | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 8  Name and Address on File | Contact Information On File | Customer Claim | ☐ C  ☑ U  ☐ D | | | $1,997,998.38[1] |
| 9  Name and Address on File | Contact Information On File | Customer Claim | ☐ C  ☑ U  ☐ D | | | $1,956,794.49[1] |
| 10 Name and Address on File | Contact Information On File | Customer Claim | ☐ C  ☑ U  ☐ D | | | $1,815,887.23[1] |
| 11 Name and Address on File | Contact Information On File | Customer Claim | ☐ C  ☑ U  ☐ D | | | $1,500,000.00[1] |
| 12 DCP Capital  Kingston Chambers, PO Box 173  Road Town  Tortola VG1110  British Virgin Islands | Kevin Hu  kevin@dcp.capital | Convertible Noteholder | ☐ C  ☐ U  ☐ D | | | $1,500,000.00 |
| 13 Name and Address on File | Contact Information On File | Customer Claim | ☐ C  ☑ U  ☐ D | | | $1,373,647.25[1] |
| 14 Name and Address on File | Contact Information On File | Customer Claim | ☐ C  ☑ U  ☐ D | | | $1,369,562.05[1] |
| 15 Name and Address on File | Contact Information On File | Customer Claim | ☐ C  ☑ U  ☐ D | | | $1,269,743.00[1] |
| 16 Name and Address on File | Contact Information On File | Customer Claim | ☐ C  ☑ U  ☐ D | | | $1,186,566.00[1] |
| 17 Name and Address on File | Contact Information On File | Customer Claim | ☐ C  ☑ U  ☐ D | | | $1,172,797.75[1] |
| 18 Name and Address on File | Contact Information On File | Customer Claim | ☐ C  ☑ U  ☐ D | | | $1,093,526.33[1] |

Debtor  **Cred Inc., et al.**                                        Case number *(if known)* 20-_____

| | Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent unliqui-dated, or disputed | Amount of unsecured claim If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|---|
| | | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 19 | Name and Address on File | Contact Information On File | Customer Claim | ☐ C ☑ U ☐ D | | | $1,088,416.73[1] |
| 20 | JST Capital<br>350 Springfield Ave<br>Suite 200<br>Summit NJ 07901 | Scott Freeman<br>sfreeman@jstcap.com | Trade Payable | ☐ C ☐ U ☐ D | | | $983,462.00 |
| 21 | Name and Address on File | Contact Information On File | Customer Claim | ☐ C ☑ U ☐ D | | | $866,297.45[1] |
| 22 | Name and Address on File | Contact Information On File | Customer Claim | ☐ C ☑ U ☐ D | | | $857,200.00[1] |
| 23 | Name and Address on File | Contact Information On File | Customer Claim | ☐ C ☑ U ☐ D | | | $740,553.53[1] |
| 24 | Name and Address on File | Contact Information On File | Customer Claim | ☐ C ☑ U ☐ D | | | $660,589.99[1] |
| 25 | Name and Address on File | Contact Information On File | Customer Claim | ☐ C ☑ U ☐ D | | | $623,954.65[1] |
| 26 | Name and Address on File | Contact Information On File | Customer Claim | ☐ C ☑ U ☐ D | | | $623,258.27[1] |
| 27 | Name and Address on File | Contact Information On File | Customer Claim | ☐ C ☑ U ☐ D | | | $586,400.00[1] |
| 28 | Uphold, Inc.<br>900 Larkspur Landing Cir<br>Suite 209<br>Larkspur CA 94939 | JP Thieriot<br>jp.thieriot@uphold.com | Trade Payable | ☑ C ☑ U ☑ D | | | $518,635.45 |
| 29 | Name and Address on File | Contact Information On File | Customer Claim | ☐ C ☑ U ☐ D | | | $443,080.00[1] |

Debtor **Cred Inc., et al.**  Case number *(if known)* **20-_____**

| | Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent unliqui- dated, or disputed | Amount of unsecured claim If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|---|
| | | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 30 | Name and Address on File | Contact Information On File | Customer Claim | ☐ C<br>☑ U<br>☐ D | | | $432,000.00[1] |

[1]Claim amount reflects the book value of the cryptocurrency positions with the Debtors.

## Appendix B
## Resolutions of CCI Sub

**WHEREAS**, the directors (the "**Directors**") of Cred Capital, Inc. (the "**Corporation**") have considered presentations by the Corporation's management and financial and legal advisors regarding its liabilities and liquidity situation, the strategic alternatives available to it and the effect of the foregoing on its business; and

**WHEREAS**, the Directors have determined that it is desirable and in the best interests of the Corporation, its creditors, and other interested parties that a petition be filed by the Corporation, seeking relief under the provisions of chapter 11 of title 11 of the United States Code (the "**Bankruptcy Code**") in the United States Bankruptcy Court for the District of Delaware (the "**Bankruptcy Court**") in which the authority for the Corporation to operate as a debtor in possession will be sought; and

**WHEREAS**, the Directors have received a draft of the petition under chapter 11 of title 11 of the Bankruptcy Code (the "**Chapter 11 Filing**");

**THEREFORE, BE IT RESOLVED THAT**:

Each of the Directors, and duly appointed officers of the Corporation from time to time (each an "**Authorized Person**" and together the "**Authorized Persons**") be and is authorized, empowered and directed, in the name and on behalf of the Corporation, to execute and verify the Chapter 11 Filing and to cause the same to be filed in the Bankruptcy Court at such time or in such other jurisdiction as such Authorized Person executing the same shall determine; and

Each Authorized Person, and such other persons as the Authorized Persons may from time to time designate, be and is authorized, empowered and directed, in the name and on behalf of the Corporation, to engage and retain all assistance by legal counsel, accountants, financial advisors, and such other professionals (in all cases as the Authorized Person deems necessary or desirable) in connection with the Chapter 11 Filing, with a view to the successful prosecution of such case; and

Each Authorized Person, and such other persons as the Authorized Persons may from time to time designate, and any employees or agents (including counsel) designated by or directed by any such persons, be and is, authorized, empowered and directed, in the name and on behalf of the Corporation, to execute and file all petitions, schedules, motions, lists, applications, pleadings and other papers, and to take and perform any and all further acts and deeds which he or she deems necessary, proper or desirable in connection with the Chapter 11 Filing, with a view to the successful prosecution of such case; and

In connection with the Chapter 11 Filing, each Authorized Person, and such other persons as the Authorized Persons may from time to time designate, and any employees or agents (including counsel) designated by or directed by any such persons, be and is, authorized, empowered and directed, in the name and on behalf of the Corporation, to cause the Corporation to enter into, execute, deliver, certify, file and/or record, and perform, such agreements, instruments, motions, affidavits, applications for approvals or ruling of governmental or

regulatory authorities, certificates or other documents, and to take such other action, as in the judgment of such persons shall be or become necessary, proper or desirable to effectuate a successful reorganization of the business of the Corporation; and

Each Authorized Person be and is, authorized and empowered on behalf of and in the name of the Corporation, to execute such consents of the Corporation as such Authorized Person considers necessary, proper or desirable to effectuate these resolutions, such determination to be evidenced by such execution or taking of such action.

**THEREFORE, BE IT FURTHER RESOLVED THAT:**

The law firm of Paul Hastings LLP be and is engaged as attorneys for the Corporation under a general retainer in relation to the Chapter 11 Filing, subject to any requisite Bankruptcy Court approval; and

The law firm of Cousins Law LLC be and is engaged as local counsel to represent and assist the Corporation and its professionals in relation to the Chapter 11 Filing, subject to any requisite Bankruptcy Court approval; and

The firm of MACCO Restructuring Group, LLC ("**MACCO**") be and is engaged as financial advisor to, among other things, assist the Corporation in (i) developing financial data for evaluation by its Board, creditors, or other third parties, (ii) conducting a strategic review of the Corporation's capital structure, (iii) advising the Corporation in connection with a restructuring, and (iii) assisting the Corporation to evaluate financing and acquisition proposals and, in connection therewith, the Authorized Persons be authorized to execute appropriate retention agreements, pay appropriate retainers, and cause to be filed an appropriate application for authority to retain the services of MACCO; and

The firm of Donlin, Recano & Company, Inc. ("**Claims Agent**") be and is engaged as notice and claims agent and administrative advisor to represent and assist the Corporation in carrying out its duties under the Bankruptcy Code, and to take any and all actions to advance the Corporation's rights and obligations in the Chapter 11 Filing and, in connection therewith, the Authorized Persons be authorized to execute appropriate retention agreements, pay appropriate retainers, and cause to be filed an appropriate application for authority to retain the services of the Claims Agent.

**THEREFORE BE IT FURTHER RESOLVED THAT**:

In connection with or to carry out the actions contemplated by the foregoing resolutions, the Director, officer or (if applicable) any attorney or duly authorized signatory of the Corporation (any such person being an "**Attorney**" or "**Authorized Signatory**" respectively) be, and such other persons as are authorized by any of them be, and each hereby is, authorized, in the name and on behalf of the Corporation, to do such further acts and things as the Director or officer or such duly authorized other person shall deem necessary or appropriate, including to do and perform (or cause to be done and performed), in the name and on behalf of the Corporation, all such acts and to sign, make, execute, deliver, issue or file (or cause to be signed, made, executed, delivered, issued or filed) with any person including any governmental authority or agency, all such agreements, documents, instruments, certificates, consents or waivers and all

amendments to any such agreements, documents, instruments, certificates, consents or waivers and to pay, or cause to be paid, all such payments, as any of them may deem necessary or advisable in order to carry out the intent of the foregoing resolutions, the authority for the doing of any such acts and things and the signing, making, execution, delivery, issue and filing of such of the foregoing to be conclusively evidenced thereby; and

That any and all actions of the Corporation, or of the Director or officer or any Attorney or Authorized Signatory, taken in connection with the actions contemplated by the foregoing resolutions prior to the execution hereof be and are hereby ratified, confirmed, approved and adopted in all respects as fully as if such action(s) had been presented to for approval and approved by, the Director prior to such action being taken.

Fill in this information to identify the case and this filing:

Debtor Name    **Cred Capital, Inc.**

United States Bankruptcy Court for the:    **District of Delaware**
(State)

Case number (If known):

# Official Form 202
## Declaration Under Penalty of Perjury for Non-Individual Debtors
12/15

An individual who is authorized to act on behalf of a non-individual debtor, such as a corporation or partnership, must sign and submit this form for the schedules of assets and liabilities, any other document that requires a declaration that is not included in the document, and any amendments of those documents. This form must state the individual's position or relationship to the debtor, the identity of the document, and the date. Bankruptcy Rules 1008 and 9011.

WARNING -- Bankruptcy fraud is a serious crime. Making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.

### Declaration and signature

I am the president, another officer, or an authorized agent of the corporation; a member or an authorized agent of the partnership; or another individual serving as a representative of the debtor in this case.

I have examined the information in the documents checked below and I have a reasonable belief that the information is true and correct:

☐ *Schedule A/B: Assets-Real and Personal Property (Official Form 206A/B)*

☐ *Schedule D: Creditors Who Have Claims Secured by Property (Official Form 206D)*

☐ *Schedule E/F: Creditors Who Have Unsecured Claims (Official Form 206E/F)*

☐ *Schedule G: Executory Contracts and Unexpired Leases (Official Form 206G)*

☐ *Schedule H: Codebtors (Official Form 206H)*

☐ *Summary of Assets and Liabilities for Non-Individuals (Official Form 206Sum)*

☐ Amended Schedule

☒ *Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 30 Largest Unsecured Claims and Are Not Insiders (Official Form 204)*

☒ Other document that requires a declaration   Corporate Ownership Statement, List of Equity Security Holders, Resolutions of CCI Sub

I declare under penalty of perjury that the foregoing is true and correct.

Executed on

**11/7/2020**              ✗ **/s/ Daniel Schatt**
MM/ DD/YYYY            Signature of individual signing on behalf of debtor

**Daniel Schatt**
Printed name

**Chief Executive Officer**
Position or relationship to debtor

**Official Form 202**            Declaration Under Penalty of Perjury for Non-Individual Debtors